IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JAMES L.W., *individually and on behalf of* K.W., *a minor*, | : | Case No. 1:25-cv-239 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN HEALTH HOLDING, INC., et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendants Medical Benefits Administrators, Inc. and American Health Holding, Inc.'s Motions to Dismiss (Docs. 32, 33). These motions are fully briefed and ripe for the Court's review. (*See* Responses, Docs. 35, 36; Replies, Docs. 40, 41.) For the following reasons, the Court **DENIES** Defendants Medical Benefits Administrators, Inc. and American Health Holding, Inc.'s Motions to Dismiss (Docs. 32, 33).

### FACTS AS ALLEGED

Plaintiff James L.W. is an employee of Defendant Meyer Tool, Inc. ("Meyer Tool"). (Compl., Doc. 1, ¶ 2.) By virtue of his employment, Plaintiff James L.W. is a participant in the Meyer Tool, Inc. Health Benefit Plan (the "Plan"). (*Id.* at ¶ 3.) The Plan is a welfare benefits plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), and the Plan is self-insured by Meyer Tool. (*Id.* at ¶¶ 9–10.) Plaintiff K.W. is the minor

child of Plaintiff James L.W. and was a beneficiary of the Plan as a "Covered Person." (*Id.* at ¶¶ 4–5.)

The Plan's terms list Meyer Tool as the "Plan Administrator." (Compl., Doc. 1, ¶ 6.) Meyer Tool appointed Defendant Medical Benefits Administrators, Inc. ("MedBen") as the "Benefit Manager" for the Plan. (*Id.* at ¶ 7.) MedBen's responsibilities included supervision of the management, consideration, investigation, and settlement of claims. (*Id.*) Meyer Tool also appointed American Health Holding, Inc. ("AHH") as the Plan's "Utilization Review Service." (*Id.* at ¶ 8.) In this role, AHH was responsible for determining whether to grant Plan beneficiaries pre-admission certification for inpatient care at a covered facility. (*Id.* at ¶ 19.) AHH was also responsible for determining whether to review the medical necessity of continued inpatient care for a Plan beneficiary. (*Id.*)

From August 9, 2022, through December 20, 2023, Plaintiff K.W. received inpatient psychiatric care at a facility in Utah. (Compl., Doc. 1, ¶¶ 23, 35–36.) Both Plaintiffs and the facility requested coverage and reimbursement from the Plan for services provided at the facility. (*Id.* at ¶¶ 43, 48, 53, 60, 71.) After reviewing these claims, MedBen made payment to Plaintiffs in the amount of $54,509.38, covering treatment provided from August 9, 2022, through September 22, 2022. (*Id.* at ¶¶ 42, 51.) However, coverage for the remainder of Plaintiff K.W.'s stay at the Utah facility was denied by the Plan. (*Id.* at ¶ 42.) Plaintiffs engaged in an appeals process under the Plan, but the Plan provided no further coverage. (*Id.* at ¶¶ 42, 48, 53, 70, 71.) Throughout the claims and appeals process, MedBen individually, and both MedBen and AHH jointly, sent Plaintiffs letters responding to concerns, explaining benefits, and informing of final decisions. (*Id.* at ¶¶

2

44, 49–50, 61–70, 73, 77–78.)

## PROCEDURAL HISTORY

On April 15, 2025, Plaintiffs filed a Complaint (Doc. 1). Plaintiffs bring claims for recovery of benefits under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B), and violation of the Mental Health Parity and Addiction Equity Act ("MHPAEA") pursuant to 29 U.S.C. § 1132(a)(3). (*See* Compl., Doc. 1, ¶¶ 86–104.) On August 21, 2025, Defendant MedBen filed a Motion to Dismiss for Failure to State a Claim (Doc. 32). On that same day, Defendant AHH filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 33). Both Motions to Dismiss (Docs. 32, 33) are now ripe for the Court's review. (*See* Responses, Docs. 35, 36; Replies, Docs. 40, 41.)

## LAW AND ANALYSIS

Before reaching the substantive arguments here, the Court must first determine the applicable standards of review for Defendants MedBen and AHH's Motions to Dismiss (Docs. 32, 33). Defendant AHH brings its Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 33) as a "factual attack" under Federal Rule of Civil Procedure 12(b)(1). (*See* AHH Motion to Dismiss, Doc. 33, Pg. ID 273, 277; AHH Reply, Doc. 41, Pg. ID 456–58.) While AHH and MedBen make similar substantive arguments, their Motions to Dismiss each arrive in different vehicles, as MedBen brings a 12(b)(6) motion. (*See* MedBen Motion to Dismiss, Doc. 32, Pg. ID 112, 118–19.)

A motion to dismiss for "failure to state a claim upon which relief can be granted" tests the plaintiff's cause of action as stated in a complaint. Fed. R. Civ. P. 12(b)(6); *Golden v. City of Columbus*, 404 F.3d 950, 958 (6th Cir. 2005). A claim for relief must be "plausible

3

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Put differently, the complaint must lay out enough facts for a court to plausibly infer that the defendant wronged the plaintiff. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). Courts must accept all allegations of material fact as true and must construe such allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 554-55; *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). However, courts are not bound to do the same for a complaint's legal conclusions. *Twombly*, 550 U.S. at 555.

Instead of testing the plaintiff's cause of action, motions under Rule 12(b)(1) seek dismissal on the basis that a court lacks subject matter jurisdiction to hear the case. Fed. R. Civ. P. 12(b)(1). Motions brought under Rule 12(b)(1) generally take one of two forms: (1) a facial attack, which "merely questions the sufficiency of the pleading" on the issue of subject matter jurisdiction, or (2) a factual attack, in which "facts presented to the district court give rise to a factual controversy" regarding subject matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). When presented with a factual attack, "the district court must . . . weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist," and in doing so, the district court "has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* This differs from the 12(b)(6) standard, in which "a court generally may not consider any facts outside the complaint and exhibits attached thereto." *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005).

However, the governing standard for a motion brought under Rule 12(b)(1) sometimes involves more nuance. "[A] district court engages in a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "If, on the other hand, an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim." *Id.* (cleaned up). "In other words, the district court is prohibited from making factual findings with respect to a jurisdictional issue when such a finding would adversely affect the merits of the plaintiff's case." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 443–44 (6th Cir. 2012). This rule provides "a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (cleaned up).

Plaintiffs bring claims for recovery of benefits under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) and violation of the MHPAEA pursuant to 29 U.S.C. § 1132(a)(3). (*See* Compl., Doc. 1, ¶¶ 86–104.) With regard to Plaintiffs' ERISA claim, the relevant statute provides that "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity." 29 U.S.C. § 1132(d)(2). And, "in the Sixth Circuit, the proper party defendant in an ERISA action concerning benefits is the party that is shown to control administration of the plan." *Little v. UNUM Provident*

5

*Corp.*, 196 F. Supp. 2d 659, 672 (S.D. Ohio 2002) (citing *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988)). As to Plaintiffs' MHPAEA claim, AHH argues that "such claims are appropriate only against the Plan or a plan fiduciary." (AHH Motion to Dismiss, Doc. 33, Pg. ID 278); *see also Mark Z. v. Priority Health Managed Bens., Inc.*, No. 22-10007, 2023 U.S. Dist. LEXIS 89017, at *21 (E.D. Mich. May 22, 2023) (dismissing MHPAEA claim because the moving defendant lacked discretionary authority to deviate from the terms of an ERISA plan and thus was not a fiduciary). The Court observes that a plaintiff can advance an MHPAEA claim in one of two ways: (1) a facial challenge, in which a plaintiff asserts that the plan itself is facially illegal, and (2) an as-applied challenge, in which a plaintiff asserts that the plan itself may not be facially illegal, but that its application was illegal. *T.E. v. Anthem Blue Cross and Blue Shield*, No. 3:22-CV-202, 2023 U.S. Dist. LEXIS 50336, at *7 (W.D. Ky. Mar. 24, 2023).

AHH argues that, for purposes of both § 1132(a)(1)(B) and § 1132(a)(3), it does not control administration of the plan and is thus not a fiduciary. (AHH Motion to Dismiss, Doc. 33, Pg. ID 278–80.) For this reason, AHH asserts that Plaintiffs lack statutory standing to bring these claims, and that subject matter jurisdiction is absent as a result. (*Id.*) AHH also asserts that Plaintiffs lack constitutional standing, and its arguments to this end mirror its contention under the statutory analysis that it does not sufficiently control administration of the plan. (*Id.* at Pg. ID 280–84.) Therefore, AHH's arguments as to subject matter jurisdiction implicate statutory elements of Plaintiffs' claims — AHH's control over application of the plan and its status as a plan fiduciary. *See Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 445 (6th Cir. 2006) (retaining federal jurisdiction in the context

of an ERISA claim where a jurisdictional challenge mirrored the statutory requirements of the plaintiff's claim). Put differently, Plaintiffs' claims would fail on the merits if AHH's jurisdictional assertions are true. Therefore, the Court reviews AHH's Motion to Dismiss (Doc. 33) under the Rule 12(b)(6) standard, construing AHH's jurisdictional arguments as arguments that Plaintiffs fail to state a claim. And, as a result, the Court declines to consider the exhibits attached to AHH's Motion to Dismiss, aside from the Summary Plan Description (Docs. 33-2, 33-3), which is referred to in the Complaint. *See Passa*, 123 F. App'x at 697 ("[I]n ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint and exhibits attached thereto."); *Commer. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment.").

Having determined that the 12(b)(6) standard applies to both Motions to Dismiss (Docs. 32, 33), the Court turns to the substantive arguments of the parties. Defendants MedBen and AHH both argue that Plaintiffs fail to allege facts supporting their conclusion that MedBen and AHH are proper defendants under ERISA and MHPAEA. (*See* MedBen Motion to Dismiss, Doc. 32, Pg. ID 119–25; AHH Motion to Dismiss, Doc. 33, Pg. ID 277–84.) The Court addresses each of the specific arguments made by MedBen and AHH in turn.

7

### I.   ERISA Fiduciary Status of MedBen and AHH

Defendants MedBen and AHH first argue that they lack control over the administration of the Plan and are not Plan fiduciaries, meaning they also are not proper defendants with regard to both claims asserted in the Complaint. (MedBen Motion to Dismiss, Doc. 32, Pg. ID 119–22; AHH Motion to Dismiss, Doc. 33, Pg. ID 278–80.) As noted above, § 1132(a)(1)(B) denial-of-benefits claims are covered by another statute which provides that "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity." 29 U.S.C. § 1132(d)(2). And, the Sixth Circuit has interpreted this to include an ERISA fiduciary "that is shown to control administration of the plan." *Little*, 196 F. Supp. 2d at 672 (citing *Daniel*, 839 F.2d at 266). MedBen and AHH also contend that Plaintiffs' MHPAEA claim can only move forward if Defendants were ERISA fiduciaries. (MedBen Motion to Dismiss, Doc. 32, Pg. ID 122–23 (citing *Mark Z.*, 2023 U.S. Dist. LEXIS 89017, at *21 (dismissing MHPAEA claim because the moving defendant lacked discretionary authority to deviate from the terms of an ERISA plan and thus was not a fiduciary)); AHH Motion to Dismiss, Doc. 33, Pg. ID 278–79 (citing *T.E.*, 2023 U.S. Dist. LEXIS 50336, at *7 (outlining how MHPAEA claims may challenge the application of a health plan)).)

Fiduciary status under ERISA is not limited to entities explicitly listed as a plan's administrator—instead, "a person is a fiduciary with respect to a plan to the extent . . . he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A). And, even where an entity lacks formal discretionary

power under the plan, the entity may still be liable as a fiduciary when it exercises informal discretionary control over plan administration. *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 552 (6th Cir. 2012) (quoting *Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1101 (9th Cir. 2004)). But, "[p]ersons or entities performing administrative and ministerial functions are not fiduciaries." *Harris v. Am. Elec. Power Serv. Corp.*, No. 2:23-CV-769, 2024 U.S. Dist. LEXIS 182748, at *9 (S.D. Ohio Oct. 7, 2024) (citing *Briscoe v. Fine*, 444 F.3d 478, 488 (6th Cir. 2006)).

Plaintiffs contend that the Complaint sufficiently alleges claims against MedBen and AHH because they both acted as fiduciaries under the Plan. (Response to MedBen, Doc. 36, Pg. ID 410–14; Response to AHH, Doc. 35, Pg. ID 399–401.) In support, Plaintiffs assert that the Plan gave discretionary authority to MedBen and AHH—authority that MedBen and AHH used in reviewing and making decisions about Plaintiffs' claims. (Response to MedBen, Doc. 36, Pg. ID 410–14; Response to AHH, Doc. 35, Pg. ID 399–401.) Plaintiffs also argue that even if the Plan did not grant MedBen and AHH discretionary authority, such authority was exercised in practice. (Response to MedBen, Doc. 36, Pg. ID 411–13; Response to AHH, Doc. 35, Pg. ID 400–01.) Finally, Plaintiffs argue that MedBen exercised authority over Plan assets, noting that MedBen paid Plaintiffs' claims in part. (Response to MedBen, Doc. 36, Pg. ID 413–14.) In reply, both MedBen and AHH argue that they did not exercise final discretionary authority over the administration of the Plan because the Plan explicitly gave Meyer Tool that authority, and any decisions by MedBen and AHH would be subject to Meyer Tool's review in its sole discretion. (MedBen Reply, Doc. 40, Pg. ID 446–47; AHH Reply, Doc. 41, Pg. ID 459–

9

60.)

According to the allegations, MedBen was the "Benefit Manager" for the Plan and was responsible for supervision of the management, consideration, investigation, and settlement of claims. (Compl., Doc. 1, ¶ 7.) As the Plan's "Utilization Review Service," AHH was responsible for determining whether to grant Plan beneficiaries pre-admission certification for inpatient care at a covered facility. (*Id.* at ¶ 19.) AHH was also responsible for determining whether to review the medical necessity of continued inpatient care for a Plan beneficiary. (*Id.*) MedBen paid Plaintiffs' claims in part. (*Id.* at ¶¶ 42, 51.) And, throughout the claims and appeals process, MedBen individually — and both MedBen and AHH jointly — sent Plaintiffs letters responding to concerns, explaining benefits, and relaying final decisions. (*Id.* at ¶¶ 44, 49–50, 61–70, 73, 77–78.)

Read in the light most favorable to Plaintiffs, the Complaint alleges facts which make it plausible that both MedBen and AHH were ERISA fiduciaries. *See, e.g., Chiera v. John Hancock Mut. Life Ins. Co.*, 3 F. App'x 384, 389 (6th Cir. 2001) (finding that, while another entity was named as the plan administrator, the defendant was a fiduciary because letters it sent to the plaintiff rejecting claims evidenced its authority over claims decisions); *Briscoe*, 444 F.3d at 494 (finding that a defendant was a fiduciary as it related to the disposition of plan assets because the defendant "both had the power to write checks on the plan account . . . and exercised that power"); *Boyle v. Legacy Health Plan No. 504*, No. 6:20-CV-705, 2023 U.S. Dist. LEXIS 173945, at *22 (D. Or. Sep. 28, 2023) (declining to dismiss a denial-of-benefits claim where moving defendant claimed it was not a fiduciary because another entity reserved responsibility for administration of the health

plan). Thus, at this early juncture, the Court declines to dismiss Plaintiffs' claims on the basis that MedBen and AHH are not proper defendants. Accordingly, Plaintiffs' claims shall proceed.

## II.     Duplicativeness of Plaintiffs' MHPAEA Claim

Defendant MedBen also argues that Plaintiffs' MHPAEA claim under 29 U.S.C. § 1132(a)(3) should be dismissed because Plaintiffs' ERISA claim under 29 U.S.C. § 1132(a)(1)(B) provides sufficient relief, and the injuries alleged in advancing both claims are not distinct. (MedBen Motion to Dismiss, Doc. 32, Pg. ID 122–23.) The Supreme Court in *Varity Corporation v. Howe* held that "the proper remedy for a claim related to the interpretation of plan documents and the payment of benefits [is] encompassed in § 1132(a)(1)(B), while § 1132(a)(3) provide[s] a remedy for 'other breaches of other sorts of fiduciary obligation[.]'" *AK v. Behav. Health Sys.*, No. 3:18-CV-1238, 2021 U.S. Dist. LEXIS 56978, at *22 (M.D. Tenn. Mar. 25, 2021) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)). "The Sixth Circuit has interpreted *Varity* to 'limit[] the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies' and to hold that plaintiffs may not bring a cause of action under § 1132(a)(3) where § 1132(a)(1)(B) provides a potential remedy for the alleged injury." *Id.* (quoting *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 615 (6th Cir. 1998)). But, dismissal of a § 1132(a)(3) claim as duplicative is only warranted where § 1132(a)(1)(B) provides a full remedy to the plaintiff's alleged injuries. *See Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 718 (6th Cir. 2005) (noting that the district court erred in dismissing the plaintiffs' § 1132(a)(3) claim where "[o]nly injunctive relief of the type available under § 1132(a)(3)" could

provide the plaintiffs with complete relief). And, importantly, "[a] claim to enforce the MHPAEA seeks to enjoin or redress violations of ERISA itself, not to enforce the terms of a plan; thus, it is properly brought under § 1132(a)(3) because it seeks remedies unavailable under § 1132(a)(1)(B)." *AK*, 2021 U.S. Dist. LEXIS 56978, at *23; *see also James C. v. Anthem Blue Cross & Blue Shield*, No. 2:19-CV-38, 2020 U.S. Dist. LEXIS 111689, at *17 (D. Utah June 24, 2020) (finding that the remedies sought with regard to the plaintiffs' MHPAEA claim under § 1132(a)(1)(B) were distinct from the remedies sought with regard to the plaintiffs' § 502(a)(3) claim, and that the claims could proceed together).

Plaintiffs assert that their § 502(a)(3) claim "targets distinct MHPAEA violations that are not redressable under § 502(a)(1)(B)" — specifically, Plaintiffs note that "[t]he Complaint alleges that MedBen applied impermissible nonquantitative treatment limitations to deny coverage for residential treatment and further failed to provide required parity analyses and documentation." (Response to MedBen, Doc. 36, Pg. ID 414 (citing Compl., Doc. 1, ¶¶ 48, 54–55, 58, 72, 102–03).) In reply, MedBen fails to address the line of cases finding that MHPAEA claims under § 502(a)(3) are distinct from claims under § 502(a)(1)(B); instead, MedBen argues that the claims cannot proceed together because they stem from the same injury. (MedBen Reply, Doc. 40, Pg. ID 451–54.) But, the analysis here does not focus solely on whether the claims stem from the same injury. Rather, the Court considers whether the remedies available under § 502(a)(3) provide a full remedy for the claim under § 502(a)(1)(B). *Wilkins*, 150 F.3d at 615; *Hill*, 409 F.3d at 718.

The Court observes that while Plaintiffs seek monetary damages with regard to their § 502(a)(3) claim, they seek equitable relief with regard to their § 502(a)(1)(B) claim. (*See* Compl., Doc. 1, Pg. ID 17–21.) And, the Court agrees with other courts that have found that "[a] claim to enforce the MHPAEA seeks to enjoin or redress violations of ERISA itself, not to enforce the terms of a plan; thus, it is properly brought under § 1132(a)(3) because it seeks remedies unavailable under § 1132(a)(1)(B)." *AK*, 2021 U.S. Dist. LEXIS 56978, at *23. Thus, the Court declines to dismiss Plaintiffs' § 502(a)(1)(B) claim against MedBen as duplicative. Accordingly, Plaintiffs' § 502(a)(1)(B) claim against MedBen shall proceed.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendants Medical Benefits Administrators, Inc. and American Health Holding, Inc.'s Motions to Dismiss (Docs. 32, 33) are **DENIED**; and

2. All of Plaintiffs' claims **SHALL PROCEED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

13